UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| BRITTANY COLEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-00956-JMS-DML |
| | ) | |
| INDIANA DEPARTMENT OF CHILD SERVICES, | ) | |
| KATHLEEN LANDRUM Family Case Manager, | ) | |
| MIKE ABELL Supervisor, | ) | |
| HIWOT SEIFU DCS Worker, | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Pending Motions**

In her motion to move for final order plaintiff Brittany Coley requests that this Court issue a final appealable judgment on the following issues: (1) the denial of her motions to add DCS and Mary Beth Bonaventura as defendants; (2) the denial of permission to file documents electronically; and (3) the denial of her motion to strike.[1]

---

[1] Generally, "[a] notice of appeal deprives the district court of jurisdiction over the issues presented on the appeal." *Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006)(citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982)). "The purpose of this rule is to avoid the confusion of placing the same matter before two courts at the same time and to preserve the integrity of the appeal process." *Levey v. Sys. Div., Inc., (In re Teknek, LLC),* 563 F.3d 639, 651 (7th Cir. 2009)(citing *Whispering Pines Estates, Inc. v. Flash Island, Inc.,* 369 B.R. 752, 757 (Bkrtcy.App. 1 (N.H.) 2007)). Despite the general rule just cited, however, "[t]he rule does not operate . . . where there is a purported appeal from a non-appealable order." *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982), *cert. denied,* 460 U.S. 1091 (1983)(citing *United States v. Garner*, 663 F.2d 834, 838 (9th Cir. 1981), and Moore's Federal Practice ¶ 203.11, at 3-51 (2d ed. 1982)). The Notice of Appeal filed on November 3, 2014, related to non-final orders. This Court, therefore, maintains jurisdiction to rule on the plaintiff's pending motions.
.

Because the plaintiff is requesting an issuance of a final judgment, her motion is construed as one brought under Rule 54(b) of the Federal Rules of Civil Procedure. That Rule provides that in a case involving multiple claims or multiple parties, after the district court resolves at least one but fewer than all of the pending claims, it may, in its discretion, direct the entry of a final, appealable judgment if there is no just reason for delay. *Acme Printing Ink Co. v. Menard, Inc.*, 891 F. Supp. 1289, 1303-04 (E.D. Wis. 1995). In support of her motion for a final order, the plaintiff has identified no good reason to issue a partial final judgment with regard to the dismissal of the claims against DCS and Mary Beth Bonaventura and the Court discerns none.

Further, "Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.,* 392 F.3d 922, 924 (7th Cir. 2004). The denial of permission to file documents electronically and the denial of the plaintiff's motion to strike did not fully adjudicate any party's claims or rights. These rulings therefore do not qualify for the issuance of a partial final judgment. These rulings also cannot be certified for interlocutory review under 28 U.S.C. § 1292, which requires that "there must be a question of *law,* it must be *controlling,* it must be *contestable,* and its resolution must promise to *speed up* the litigation ... and the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). Because the plaintiff has not shown that the entry of partial final judgment is appropriate or that any of the Court's orders should be certified for interlocutory review, her motion to move for final order [dkt 34] is **denied**. The plaintiff's motion for extension of time [dkt 33] and motion for permission to electronically file [dkt 37] are captioned for this Court and the

Court of Appeals. Those motions [dkt 33 and dkt 37] are **denied** to the extent they are filed in this Court.

**IT IS SO ORDERED.**

Date: __December 4, 2014__

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BRITTANY COLEY
3736 N. Meridian Street
Indianapolis, IN 46208

Aileen E. Wenzel
INDIANA ATTORNEY GENERAL
Aileen.Wenzel@atg.in.gov

Kelly J. Pautler
INDIANA ATTORNEY GENERAL
kelly.pautler@atg.in.gov

Caryn M. Nieman
OFFICE OF THE ATTORNEY GENERAL
caryn.nieman@atg.in.gov