UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRITTANY COLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-00956-JMS-DML |
| | ) | |
| KATHLEEN LANDRUM Family Case Manager, | ) | |
| MIKE ABELL Supervisor, | ) | |
| HIWOT SEIFU DCS Worker, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motions to Amend**

Plaintiff Brittany Coley filed motions to amend her complaint on June 5, 2015, June 12, 2015, and July 8, 2015. Because an amended complaint completely supersedes the original complaint, and because it appears to be Ms. Coley's intention that most recent motion to amend reflect the relief she seeks through those motions, the motions to amend filed on June 5, 2015 [dkt 65], and June 12, 2015 [dkt 68] are **denied** as moot and the motion to amend filed on July 8, 2015, is therefore under consideration.

**I. The Motion to Amend**

Through the motion to amend, Ms. Coley seeks to add a claim that defendants Kathleen Landrum and Mike Abell violated her Fourth Amendment right to be free from unreasonable search and seizure when they removed her children without a court order. The defendants have objected to the motion arguing that it is untimely because the scheduling order of December 8, 2014, provided that any party wishing to amend its Complaint, Answer, or other pleading must file a motion requesting permission to do so by April 17, 2015.

> Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2). That rule provides that courts "should freely give leave

> when justice so requires." *See also Soltys v. Costello,* 520 F.3d 737, 742–43 (7th Cir.2008) (discussing the standard). However, the rule is in some tension with the rule that governs scheduling orders, Federal Rule of Civil Procedure 16. Under the rule, district courts are generally required to issue scheduling orders in their cases as soon as practicable. Fed.R.Civ.P. 16(b)(2). And courts are required in a scheduling order to set a deadline for filing amended pleadings. Fed.R.Civ.P. 16(b)(3)(A).

*Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Because the motions to amend were filed after the deadline set forth in the scheduling order of April 17, 2015, the Court applies the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) are satisfied. *See id.* "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

Ms. Coley argues that there is good cause for her delay in moving to amend the complaint because "It was not until the court issued a subpoena for documents that the Plaintiff became more aware as to the validity of her claim." Ms. Coley received an order and a subpoena compelling the production of certain documents on April 17, 2015. After receiving the documents related to her claim, she filed a motion to amend and a proposed amended complaint on June 5, 2015. Because Ms. Coley has shown diligence in moving to amend her complaint, she has shown good cause to modify the pretrial schedule. Accordingly, the motion to amend [dkt 70] is **granted**. **The clerk shall file and docket the proposed amended complaint (dkt 70-1) as the Second Amended Complaint.**

## II. Screening of the Second Amended Complaint

The second amended complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute allows the Court to dismiss a complaint or claim within a complaint

if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

Based on this screening, the following claims **shall proceed**:

- The claim that defendants Kathleen Landrum, Mike Abell, and Hiwot Seifu violated Ms. Coley's rights to procedural and substantive due process when removing her children from her custody. The right implicated in this case is the Fourteenth Amendment right to due process. The Fifth Amendment is not implicated by the plaintiff's allegations, because the defendants are state actors, not federal actors. *Jackson v. Byrne*, 738 F.2d 1443 (7th Cir. 1984).

- The claim that defendants Kathleen Landrum, Mike Abell, and Hiwot Seifu violated Ms. Coley's rights Fourth Amendment rights when removing her children from her custody without a court order.

Any claim against the Indiana **Department of Child Services is dismissed** because Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in Burchett's complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

### III. Conclusion

The motions to amend filed on June 5, 2015 [dkt 65] and June 12, 2015 [dkt 68] are each **denied** as moot. The motion to amend filed on July 8, 2015 [dkt 70] is **granted**.

The following claims shall proceed: (1) The claim that defendants Kathleen Landrum, Mike Abell, and Hiwot Seifu violated Ms. Coley's rights to procedural and substantive due process when removing her children from her custody. (2) The claim that defendants Kathleen Landrum,

Mike Abell, and Hiwot Seifu violated Ms. Coley's rights Fourth Amendment rights when removing her children from her custody without a court order. The defendants have already appeared in this action. They shall have **through August 14, 2015**, in which to file an answer to the Second Amended Complaint.

Any party seeking additional time for discovery to file dispositive motions based on the rulings in this Entry shall have **through August 14, 2015**, in which to file a motion requesting such relief.

**IT IS SO ORDERED.**

Date: ___07/22/2015___

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BRITTANY COLEY
PO Box 88703
Indianapolis, IN 46208

All electronically registered counsel

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**