UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISON

Brittany Coley,

**PLAINTIFF**

v.  Case No.: 1:14-cv-00956-JMS-DML

KATHLEEN LANDRUM, Family Case Manager, MIKE ABELL, Supervisor, HIWOT SEIFU DCS Worker,

**DEFENDANTS**

## MOTION TO OBJECT ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Comes now the Plaintiff before the Court to object to the order issued by Magistrate Judge Debra McVicker Lynch [Dkt. 104], denying Plaintiff's request to inspect the premises located at the East 56th Street location.

The Plaintiff first moved the Court during an extension of time to complete discovery, originally filed by the Defendants, seeking a subpoena duces tecum for inspection of the premises located at 4954 E. 56th Street, Indianapolis, Indiana 46220. In response, the Court set forth an order for a telephonic hearing to discuss reasons why the Plaintiff believed the Court should intervene [Dkt. 98]. During the telephone discovery conference, the Magistrate McVicker Lynch stated that she would not grant the motion for a subpoena unless Plaintiff could show cause as to why the subpoena should be issued. Subsequently, the Plaintiff filed a Motion to Reconsider [Dkt. 99], seeking to provide the Court with further details regarding the reasons why she is seeking a subpoena for inspection of premises. The Court then issued an order requiring the Defending

1



party's response to Plaintiff's motion for reconsideration [Dkt. 102 & 103]. Subsequently, the Plaintiff's motion for subpoena duces tecum was denied [Dkt. 104].

The Plaintiff believes that the Court erred in denying her motion. Although the trial court has broad discretion involving issues of discovery,[1] The Federal Rules of Civil Procedure supports the Plaintiff's request to seek access to evidence that she believes will support her claim for emotional and mental distress since, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," (Federal Rule of Civil Procedure 26(b)(1)). Plaintiff believes that granting her motion for subpoena could possibly lead to evidence that may be discoverable[2], and will help strengthen her claim of mental, emotional, and spiritual distress, as well as the testimony that will be offered up by the witnesses called to testify regarding the remaining claims she has asserted against the Defendants. In her order, the Magistrate Judge stated that she could not find "sufficient grounds for permitting a subpoena to be served to the non-party owner of the subject premises. The burden to the non-party outweighs the possible benefit an inspection could have in resolving disputed issues[3]," [Dkt. 104, Par. 3]. However, the Plaintiff believes that there is no hardship or burden entailed by the non-party, who should have known, or at least suspected that a subpoena for inspection of premises may have occurred, since sufficient notice was given to the non-party [Dkt. 90, Par. 7], and since the owner of this facility allows this particular suite to be used by the Indiana Department of Child Services for the purpose of conducting supervised visits for children in state care; particularly for the Plaintiff's children during their time in foster care. There is also no financial hardship or burden

---

[1] See Republic of Argentina v. NML Capital Ltd., No. 13-990 (U.S. June 16, 2014).
[2] "Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." See Oppenheimer Fund, Inc.. v. Sanders 437 U.S. 340, 351-352(1978)
[3] "A flexible treatment of relevance is required." See *Federal Rules of Civil Procedure Notes of Advisory Committee on Rule 26 subdivision (b)(1)*.

2

placed on the non-party, since inspection of the premises by the Plaintiff will not pose any substantial cost for travel or otherwise; the central office for this non-party is literally located just a few feet away from the suite to which the Plaintiff is requesting access.[4] Instead, the Court, without being specific as to exactly why or how the burden entailed by the non-party outweighs the benefit of granting the Plaintiff's request for a subpoena, seems to have used the standard of balancing the interests of the state and the Defendants and whether or not opposing counsel disputed her claims for mental and emotional distress, rather than issuing an order keeping in line with Justice and the guiding rules of this Court, which allow a party to seek the Court's intervention for "any matter relevant to the subject matter involved in the action," (The Federal Rules of Civil Procedure).

For the reasons stated above, the Plaintiff objects to the Court's order denying her motion for subpoena duces tecum, and prayerfully requests that the Court issue a subpoena to inspect the premises at the East 56th Street location, as well as consideration for any untimely filing of this motion, as she was not provided with proper service of Docket entries 100-105, and any other form of relief that Justice allows.

Respectfully Submitted, 1/5/2016

Brittany Coley

P.O. Box 88703

Indianapolis, Indiana

46208

---

[4] The Court finds that it should "weigh the relative importance of the information sought against the hardship which its production might entail...keeping in mind the statutory admonition of entering an order consistent with justice." See Greyhound Corp. v. Superior Court (1961) 56 Cal. 2d 355, 383-384.

I hereby affirm that a copy of the foregoing has been delivered to the counsel of the Defending party upon filing with the Clerk of Court.

*[Signature]* 1/5/2016
Brittany Coley