UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITTANY COLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-00956-JMS-DML |
| ) | |
| KATHLEEN LANDRUM Family Case ) | |
| Manager, ) | |
| MIKE ABELL Supervisor, ) | |
| HIWOT SEIFU DCS Worker, ) | |
| ) | |
| Defendants. ) | |

**E N T R Y**

Presently pending before the Court is Plaintiff Brittany Coley's Objection to the Magistrate Judge's Order denying the plaintiff's motion for reconsideration of an order denying Coley permission to serve a subpoena on a property owner to inspect certain premises. For the reasons that follow, the Court **OVERRULES** Coley's objection to the Magistrate Judge's decision.

**I. Background**

Plaintiff Coley brings this action pursuant to 42 U.S.C. ' 1983 alleging that the defendants violated her due process rights and her right to be free of unreasonable searches and seizures when they removed her children from her custody without a court order.

In the course of this litigation, Coley sought permission from the court to serve a subpoena on a property owner to inspect certain premises at which she had supervised visits with her children. The Magistrate Judge held a telephonic discovery conference to discuss this matter and ruled that Coley had not presented sufficient reason to show that relevant evidence could be obtained through the requested inspection. The Magistrate Judge therefore denied the motion and gave Coley leave to renew her motion. Dkt 102. Coley did so through a motion to reconsider

stating her belief that the inspection of the premises at issue will bolster testimony that she expects to give regarding (a) the presence of cameras in the suite for monitoring visits she had with her children, (b) the existence of rooms within the suite that were used as a kitchen, television room, or games room, and (c) a place where one of her children was injured while in the custody of DCS. Dkt 99. She also stated that against any challenge by the defendants to the validity of her "disclosures relating to her experiences that took place at this stated location." *Id.* The Magistrate directed the defendants to respond and, based on the defendants' response, determined that: "Because the defendants do not dispute the matters for which Ms. Coley contends an inspection is important, [there are] insufficient grounds for permitting a subpoena to be served on the non-party owner of the subject premises. The burden to a non-party outweighs the possible benefit an inspection could have in resolving disputed issues." Dkt. 104. The Magistrate Judge therefore denied Coley's motion to reconsider.

## II. Standard of Review

The district court's review of any decision by a magistrate judge on a non-dispositive motion is governed by *Rule 72(a)* of the Federal Rules of Civil Procedure. This Court can only sustain an objection to a nondispositive order by a magistrate judge when the order is "clearly erroneous or is contrary to law." *Fed.R.Civ.P. 72(a); see 28 U.S.C. § 636(b)(1)(A).* "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.,* 126 F.3d 926, 943 (7th Cir.1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Ind., LLC v. Origin Healthcare Solutions, LLC,* 2014 WL 6674757, *2 (S.D.Ind. 2014) (citations and quotation marks omitted).

### III. Discussion

Coley objects to the Magistrate's Order arguing that permitting inspection of the non-party's premises at issue could lead to the discovery of "evidence that she believes will support her claim for emotional and mental distress." She also argues that inspection of the premises would not impose any burden on the non-party and therefore the burden of permitting the discovery does not outweigh the benefit of granting the subpoena.

Based on its review of the record, the Court concludes that the Magistrate Judge's decision denying the plaintiff's motion to reconsider was not clearly erroneous or contrary to law. While the plaintiff asserts in her objection that she believes permitting her to inspect the premises will lead to the discovery of admissible evidence, she does not identify any evidence beyond the evidence she described in her motion to reconsider that she expects to find there. As the Magistrate Judge explained in denying the motion to reconsider, because the defendants do not dispute the matters for which Ms. Coley contends an inspection is required, an inspection of the premises is not necessary. Ms. Coley has therefore described no benefit to the proposed discovery to outweigh any burden caused by permitting the discovery.

### IV. Conclusion

For foregoing reasons, the Court **OVERRULES** Coley's objection to the Magistrate's Order [dkt 110]. Coley's request for a subpoena to inspect certain premises is **denied**.

**IT IS SO ORDERED.**

Date: February 4, 2016

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BRITTANY COLEY
PO Box 88703
Indianapolis, IN 46208

All electronically registered counsel